UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JENNIFER MICHELLE JESSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-1017 |
| | ) | |
| DEREK GILNA, | ) | |
| | ) | |
| Defendant. | ) | |

**MERIT REVIEW ORDER #2**

The Court dismissed Plaintiff's original complaint with leave to amend. The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 8). The motion is granted.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that she contracted with Defendant Gilna to file a petition for compassionate release on her behalf. She alleges that her sister paid him $1,000.00 per the

contract, but that Defendant Gilna never filed the petition. Plaintiff alleges she later learned that Defendant Gilna had been disbarred as an attorney in 1996.

Federal courts have jurisdiction over claims "arising under the Constitution, laws, or treatises of the United States," and claims between citizens of different states with an amount in controversy greater than $75,000. 28 U.S.C. §§ 1331-32. No plausible inference arises that Defendant Gilna is a state actor for purposes of a claim under 42 U.S.C. § 1983, that Defendant Gilna violated any other federal law, or that he and Plaintiff are citizens of different states. The amount in controversy does not exceed $75,000. The Court finds that it does not have jurisdiction over Plaintiff's alleged claims. Any claims Plaintiff may have arise under state law, and they are properly pursued in that forum.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [8] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

3) **This dismissal may count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

4) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

5) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff**

**plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 9th day of May, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
